[Cite as *State v. Snodgrass*, 2016-Ohio-7905.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                    :

                                  :    Appellate Case No. 26886

        Plaintiff-Appellee       :

                                  :    Trial Court Case No. 15-TRC-1065

v.                               :

                                  :    (Criminal Appeal from Montgomery

KAYLA SNODGRASS                  :     County Municipal Court—Eastern

                                  :     Division)

        Defendant-Appellant      :

                                  :

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of November, 2016.

. . . . . . . . . .

RYAN BRUNK, Atty. Reg. No. 0079237, Municipal Prosecutor's Office, Eastern Division, 6111 Taylorsville Road, Huber Heights Government Center, Huber Heights, Ohio 45424
      Attorney for Plaintiff-Appellee

SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, 150 North Limestone Street, Office 218, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Kayla Snodgrass appeals from her conviction and sentence, following a guilty plea, on one charge of Operating a Motor Vehicle while Under

the Influence, with two prior convictions within the past six years, in violation of R.C. 4511.19(A)(1)(a), (G)(1)(c), a misdemeanor of the first degree. Appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she cannot find any potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Snodgrass was charged by traffic ticket with OMVI, with two prior convictions within the past six years, in violation of R.C. 4511.19(A)(1)(a), (G)(1)(c), Failure to Stay within Marked Lanes, in violation of R.C. 4511.33, and Failure to Signal a Turn, in violation of R.C. 4511.39. With a motion to suppress evidence pending, Snodgrass pled guilty to the OMVI charge, and the other charges were dismissed.

{¶ 3} At the plea hearing, Snodgrass was advised of the rights she would be giving up by pleading guilty, of the maximum jail sentence of six months, of the minimum jail sentence of 30 days, and of the maximum fine of $1,000. Snodgrass was given the opportunity to ask any questions about the effect of pleading guilty, but had no questions. The trial court expressed its intent to order a pre-sentence investigation.

{¶ 4} At the sentencing hearing, the trial court stated:

Apparently, your client [Snodgrass] didn't cooperate in the PSI and as a result of that we don't have one, although we have discussed it and I've in – indicated to you my intention – and you've talked to your client, I'm sure.

{¶ 5} The trial court then gave Snodgrass's trial counsel the opportunity to address the court regarding an appropriate sentence. Although counsel said, " * * * as far as the PSI goes, I think there's some difference of opinion as far as what happened there," counsel did not object to proceeding with sentencing in the absence of a pre-sentence investigation.

{¶ 6} The trial court imposed a jail sentence of 180 days, with 90 days suspended, and with a jail-time credit of three days, resulting in 87 days to serve in jail. The trial court imposed the minimum fine of $850 prescribed by R.C. 4511.19(G)(1)( c)(iii). Snodgrass did not seek relief from the fine. The trial court imposed the minimum driver's license suspension of two years, terminated the administrative license suspension, and ordered the two-year suspension to run from the date of the offense. In its sentencing entry, the trial court ordered Snodgrass to pay the $850 fine and $123 in court costs. By separate entry, the trial court established a payment schedule for the fine and costs, as permitted by R.C. 1901.44(A)(2).

{¶ 7} From her conviction and sentence, Snodgrass appeals. Her appellate counsel filed a brief under the authority of *Anders v. California, supra,* indicating that she could find no potential assignments of error having arguable merit. By entry dated May 12, 2016, we afforded Snodgrass the opportunity to file her own, pro se brief within sixty days. She has not done so.

**II. We Find No Potential Assignments of Error Having Arguable Merit**

{¶ 8} Pursuant to our duty under *Anders v. California, supra,* we independently

reviewed the record. The trial court complied with Crim.R. 11 in taking the guilty plea. There is nothing in the record to suggest that Snodgrass's plea was other than knowing and voluntary. The sentence is authorized by law. The trial court found that Snodgrass had the ability to pay the fine and court costs over time.[1]

{¶ 9} We have not found any potential assignment of error having arguable merit.

### III. Conclusion

{¶ 10} No potential assignments of error with arguable merit having been found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Ryan Brunk
Samantha L. Berkhofer
Kayla Snodgrass
Hon. James D. Piergies

---

[1] The payment plan adopted by the court prescribed $30 every two weeks over a period of fifteen months.